UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MERCEDES DOUGLAS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:20-cv-1977-KOB-GMB |
| STATE OF ALABAMA, *et al.*, | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Mercedes Douglas has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on behalf of other inmates incarcerated at the Julia Tutwiler Prison ("Tutwiler") and elsewhere in the State of Alabama prison system. Doc. 1. The plaintiff names as defendants the State of Alabama, Governor Kay Ivey, Attorney General Steve Marshall, the Alabama Department of Pardons and Paroles, and Senator Cam Ward. Doc. 1 at 1. Douglas demands monetary damages and injunctive relief for unconstitutional conditions of confinement on behalf of her proposed class, which she describes as "[Young Adults at] Tutwiler State Prison Inmates Class Members/Plaintiffs." Doc. 1 at 1. She seeks the same relief for young adult male inmates housed at "most" of the State of Alabama's prisons, as well as juvenile offenders. Doc. 1 at 1–2.

A *pro se* party can only represent herself and cannot file claims on behalf of

any other person. For this reason, all claims Douglas asserts on behalf of other inmates are due for dismissal.

Considering only Douglas' individual claims, venue is not proper in the Northern District of Alabama. A federal action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b); s*ee also Nails v. Coleman Low Fed. Inst*., 440 F. App'x 704, 706 (11th Cir. 2011). Only the events that directly give rise to a claim are relevant. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003).

The plaintiff's allegations suggest no connection to the Northern District of Alabama. The defendants work and presumably reside in Montgomery County, Alabama, and the events made the basis of the plaintiff's complaint occurred in Elmore County, Alabama, where Tutwiler is located. Montgomery and Elmore counties are within the Middle District of Alabama. Accordingly, in the interest of justice, this action is due to be transferred to the United States District Court for the Middle District of Alabama. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it

be in the interest of justice, transfer such case to any district . . . in which it could have been brought.").[1]

For these reasons, the Magistrate Judge RECOMMENDS the dismissal of all claims asserted on behalf of inmates other than the plaintiff and the transfer of this action to the United States District Court for the Middle District of Alabama.

## Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper

---

[1] The plaintiff also has filed a motion for appointment of counsel. Doc. 2. This motion should be addressed following the transfer of this action to the Middle District of Alabama.

objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations.  The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may only appeal from a final judgment entered by a district judge.

DONE and ORDERED on April 19, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE